ESTATE OF RADCLIFFE: RADCLIFFE and another, Appellants, vs. KIEHL and another, Respondents.

*November 8—December 6, 1927.*

*Wills: Presumption of complete testamentary distribution: What constitutes "residue:" Lapsed legacies as part of residue of estate.*

1. A testator is presumed to have intended a complete distribution of his estate, and a construction tending to that end will be preferred to one which results in intestacy as to any part, in the absence of very strong and clear language showing a contrary intent.    p. 332.
2. The word "residue," in its generally accepted meaning as used in wills, includes all property subject to testamentary disposition which is not otherwise effectively disposed of by the will, unless the contrary clearly appears from the context.    p. 332.
3. Under a will providing for a division of the residue of testator's estate among designated legatees if the estate amounted to more than the total sum of specific bequests, all of the estate not passing under such bequests, including the amount of a bequest to testator's son who died during the testator's lifetime, would go to the residuary legatees, rather than to testator's heirs at law as intestate property.    p. 332.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge. *Affirmed.*

Application to construe the will of Edward A. Radcliffe. *Fred W. Radcliffe* and *Catherine Detzler,* heirs at law, appeal from the final judgment.

After directing the payment of specific bequests totaling $9,500, the will provided that "If the estate does not amount to ninety-five hundred dollars it should be divided in like proportion to above amounts. If it should amount to more than ninety-five hundred dollars the residue shall be divided" among certain designated residuary legatees.

A son of the testator to whom a specific bequest of $3,000 was given and who was also given one fifth of the residue of the estate died during the life of the testator.

*Geo. E. Robinson* of Oconomowoc, for the appellants.

For the respondents there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *M. A. Jacobson.*

STEVENS, J. The single question presented is whether the specific bequest of $3,000 to the deceased son became a part of the residue and passed under the residuary clause of the will, or whether it became intestate property which passed to the heirs at law of the deceased.

The intent of the testator is always the guiding star which is to be followed in the construction of a will. The scheme of the testator, as disclosed by the provisions of his will, seems plain. It was his intent that certain definite sums should be given to the legatees named in the will in case the estate amounted to a sum sufficient to pay those legacies in full. If any sum remained after paying legacies to those who were entitled to them, it is equally clear that it was testator's intent that such sum should become a part of the residue to be distributed in accordance with the provisions of the residuary clause.

Among the rules that have been established to aid courts in construing wills is that "a testator is presumed to have intended a complete distribution of his estate, and a con-

struction tending to that end will be preferred to one which results in intestacy as to any part." *In re Donges' Estate,* 103 Wis. 497, 501, 79 N. W. 786. "The mere fact of making a will is so inconsistent with any other intent than that to provide for a disposition of all the property of the testator, that very strong and clear language is required to show a contrary intent. For that reason a residuary bequest in general terms is held to carry void and lapsed legacies." *Harrington v. Pier,* 105 Wis. 485, 497, 498, 82 N. W. 345.

The use of the word "residue" is significant. In its generally accepted meaning as used in wills, the "residue" includes all property subject to testamentary disposition which is not otherwise effectively disposed of by the will. "While, of course, the word may be used in a different sense, . . . the presumption is very strong that it is used in the general sense above defined, unless the contrary clearly appears from the context." *In re Bradley's Will,* 123 Wis. 186, 188, 189, 101 N. W. 393. The testator must be presumed to have had in mind, in view of the general language of the residuary clause, that all of his estate that for any reason might not pass under the specific bequests made therein would go to the residuary legatees. *Harrington v. Pier,* 105 Wis. 485, 498, 82 N. W. 345.

The English cases which adopt the contrary rule are based upon the long established policy of the mother country to keep property in the family in the direct line of descent from ancestor to heir at law.

*By the Court.*—Judgment affirmed.